IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DR. STEPHEN BARRY SCHER,**         :
                                      :
        **Petitioner**        :   **CIVIL NO. 1:CV-08-0517**
                                      :
v.                                    :   **(Judge Rambo)**
                                      :
**JASON J. LEGG,** *et al.,*          :
                                      :
        **Respondents**       :

## M E M O R A N D U M

Debra Rabold initiated this action *pro se* by filing a petition pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus on behalf of Dr. Stephen Barry Scher, an inmate at the Fayette State Correctional Institution ("SCI-Fayette") in Labelle, Pennsylvania. Rabold has paid the required filing fee. In addition to Legg, Rabold names the Superintendent of SCI-Fayette, the Secretary of the Department of Corrections, and the Pennsylvania Attorney General as Respondents. The petition currently is before the court for screening. For the reasons set forth below, the petition will be dismissed.

### I. Discussion

An "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his

behalf." 28 U.S.C. § 2242. A litigant seeking to prosecute a "next friend" habeas petition "must establish the requisite [Article III] standing to sue." *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *accord In re Zettlemoyer*, 53 F.3d 24, 26-27 (3d Cir. 1995) (per curiam). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. These limitations on the "next friend" doctrine are driven by the recognition that "it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Whitmore*, 495 U.S. at 164 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *see also Rosenberg v. United States*, 346 U.S. 273, 291-92 (1953).

A petitioner seeking "next friend" standing must meet two prerequisites. First, the petitioner must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 164 (citations omitted). Second, the petitioner seeking standing as "next friend" must demonstrate that he or she is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate" and has some "significant relationship" with that person. *Id.*

2

(citations omitted). The burden is on the petitioner seeking "next friend" standing to establish these prerequisites. *See id.*; *see also Zettlemoyer*, 53 F.3d at 26-27.

In the instant case, Rabold has failed to meet her burden to establish "next friend" standing. Rabold submitted a typewritten "Complaint" seeking relief on behalf of Scher pursuant to 28 U.S.C. § 2254 (Doc. 1 at 1-5) and a form petition to be submitted by a person in state custody seeking a writ of habeas corpus under 28 U.S.C. 2254 (*Id.* at 6-19). Rabold signed both documents as "Next Friend" of Scher. However, Rabold fails to allege that Scher is unable to litigate his own case.

Rabold also does not state that she is dedicated to Scher's own personal best interests, but rather requests in her prayer for relief in the "Complaint" that the court entertain this action and assert its jurisdiction over "The Commonwealth of Pennsylvania's obvious shortcomings in dealing with the evident 'vicious loop' *any* wrongly accused and convicted individual becomes subjected to while attempting to assert their appellate rights within the Commonwealth of Pennsylvania's obviously deficient system of jurisprudence." (Doc. 1 at 4.) (emphasis added). As such, it appears that Rabold seeks relief on behalf of a broadly defined class of individuals rather than as "next friend" of Scher. Moreover, Rabold's petition is devoid of any mention of her relationship to Scher; in fact, she refers to herself as a "new 'Next

3

Friend,'" suggesting that she has defined herself as a "friend" solely for the purpose of filing this action.

In preliminarily reviewing a habeas petition, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because Rabold has not demonstrated that she is entitled to "Next Friend" standing, she is not entitled to relief, and the instant petition must be dismissed.

## II.  Conclusion

For the reasons stated above, the petition for habeas corpus will be dismissed. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  April 1, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DR. STEPHEN BARRY SCHER,** :
:
      **Petitioner** : **CIVIL NO. 1:CV-08-0517**
:
**v.** : **(Judge Rambo)**
:
**JASON J. LEGG,** *et al.,* :
:
      **Respondents** :

## O R D E R

**IT IS HEREBY ORDERED THAT:**

1.    The petition for writ of habeas corpus (Doc. 1) filed by Rabold on behalf of Scher is **DISMISSED**.

2.    The Clerk of Court shall **CLOSE** this case.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: April 1, 2008.